UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH FLEMING,

    Petitioner,

v.                                                                                                          Case No. 06-C-387

JUDY SMITH,

    Respondent.

## ORDER

Kenneth Fleming filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in 2001 in Rock County Circuit Court of causing great bodily harm while OWI, in violation of Wis. Stat. § 940.25(1)(a). He was sentenced to 10 years' imprisonment, and is currently incarcerated at Oshkosh Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner's claim is that his counsel was ineffective for failing to investigate the seatbelts in his vehicle. Specifically, he asserts that his vehicle's seatbelts were defective and that their defects exacerbated the bodily injury caused to his passenger. Had he known about the defective seatbelts, he asserts, he would have insisted upon going to trial rather than pleading guilty, the theory apparently being that the seatbelt problem would have been a sort of intervening cause of the victim's injuries, relieving him of guilt. Moreover, his sentence would have been lower because the sentencing judge would have taken the seatbelts into account.

Petitioner's argument is without merit. It is not required either by statute or the Constitution that a defendant be the *sole* cause of *all* of a victim's injuries; the fact that another factor may have contributed to the injuries does not somehow relieve the defendant of guilt. Looking to the statute in question – Wis. Stat. § 940.25(1)(a) – a defendant need only be a substantial factor in causing the victim's injuries. *See* WISCONSIN JI--CRIMINAL 1262 ("'The second element requires that the defendant's operation of a vehicle caused great bodily harm to (name of victim). 'Cause' means that the defendant's operation of a vehicle was a substantial factor in producing great bodily harm."); *State v. Earley,* 642 N.W.2d 645, 2002 WL 215910, *2 (Wis. Ct. App. 2002). There is a defense under § 940.25(2) if the harm would have occurred even if the defendant had been exercising due care and not intoxicated, but that defense relates only to the cause of the injuries, not their extent or severity. As the jury instructions ask, "Would great bodily harm to [the passenger] have occurred even if the defendant had been exercising due care and had not been under the influence?" WISCONSIN JI--CRIMINAL 1288. Here, the answer is "no," because the seatbelts did not cause the victim's injuries. Had the petitioner not been intoxicated, there would have been no injury at

2

all. Accordingly, there is no basis for any Sixth or Fourteenth Amendment claim, and the petition will be dismissed.

Petitioner has also filed a motion for appointment of counsel pursuant to 18 U.S.C. § 3006A. For the reasons stated above, appointment of counsel would not be appropriate. Petitioner also filed with his petition an application for leave to proceed in forma pauperis. Under Rule 3 of the Rules Governing § 2254 Cases, the petitioner is required to file an affidavit of indigence as required by § 1915. He has done so, and I am satisfied that he lacks sufficient funds to proceed here. Accordingly, his request to proceed without prepayment of costs will be granted and the filing fee is waived.

THEREFORE, IT IS ORDERED that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

FURTHER, IT IS ORDERED that petitioner's motion for appointment of counsel is denied.

FURTHER, IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis is granted.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated this   6th   day of April, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge