UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH FLEMING,
          Petitioner,

    v.                                                Case No. 06-C-387

JUDY SMITH,
          Respondent.

**ORDER**

Habeas petitioner Kenneth Fleming filed a notice of appeal of my dismissal of his case. Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Although petitioner has not formally requested that I issue a certificate of appealability, Fed. R. App. P. 22(b)(1) provides that if a petitioner files a notice of appeal, the district judge must either issue a certificate or state why a certificate should not issue. *See also Slack v. McDaniel*, 529 U.S. 473, 481-82 (2000).

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a

certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

None of the issues raised by petitioner deserves encouragement to proceed further. For the same reasons as set forth in my Rule 4 Decision and Order, petitioner has not made a substantial showing of the denial of any constitutional right. His assertion that defective seatbelts should have been investigated by his attorney is unfounded. Accordingly, I do not believe jurists of reason would differ as to any of the issues presented in this case and I do not believe these issues should proceed further.

Petitioner has proceeded in forma pauperis in his action. He did not apply for such status on appeal, but it is clear he is indigent for the purposes of § 1915. Section 1915(a)(3) adds that an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. *Coppedge v. United States*, 369 U.S. 438, 446 (1962); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, *Coppedge*, 369 U.S. at 446; *Lee*, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, *Lee*, 209 F.3d at 1026; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988).

2

In this case, although I am denying the certificate of appealability, it appears that petitioner's arguments are not so baseless that they would be dismissed as frivolous without further consideration. As a result, as far as § 1915(a)(3) is concerned he should be allowed to proceed.

THEREFORE, IT IS ORDERED that petitioner's request for a certificate of appealability is denied.

I certify that the appeal has been taken in good faith, and that IT IS FURTHER ORDERED that petitioner may proceed in forma pauperis status on appeal and the filing fee is waived.

A copy of this order will be sent by my clerk to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated this 10th day of May, 2006.

          s/ William C. Griesbach
          William C. Griesbach
          United States District Judge